UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Keair Boyd,

        Plaintiff

v.

Tanisha Henry, et al.,

        Defendants

Case No. 2:23-cv-01022-CDS-MDC

**Order Overruling Defendants' Limited Objection to Scheduling Order**

[ECF No. 29]

Defendants Tanisha Henry and James Scally filed a very limited objection to the scheduling order entered by United States Magistrate Judge Maximiliano Couvillier on February 28, 2025. Obj., ECF No. 29. Any response or opposition to the objection was due on or before March 14, 2025. *Id.*; s*ee also* Local Rule IB 3-1(a). To date, Boyd has not responded to the filing. For the reasons set forth herein, the defendants' objection is overruled, and Judge Couvillier's order is affirmed in full.

I.    **Legal Standard**

Where, as here, a magistrate judge issues a pre-trial order regarding a non-dispositive matter, any party may seek review by filing specific objections to the order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); Local Rule (LR) IB 3-1. The district judge in the case must consider timely filed objections, but the court cannot modify or set aside any part of the order unless it is "clearly erroneous or is contrary to law." *See* Fed. R. Civ. P. 72(a); *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1041 n.4 (9th Cir. 2010). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir. 1992). A magistrate judge's order is "contrary to law" if the order applies the incorrect legal standard or misapplies applicable law. *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008); *see also UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16,

2014) ("An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure.").

## II.    Discussion

It is well-established that "[t]he district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). As relevant here, Magistrate Judge Couvillier exercised his discretion by ordering that defendants not:

> treat any discovery request by plaintiff as a Kite, nor require plaintiff to submit Kites in addition to or as a **prerequisite to serving discovery**. Any discovery disputes must be resolved in accordance with the Federal Rules of Civil Procedure, the Court's Local Rules, and relevant case authority.

Sch. order, ECF No. 27 at 4 (emphasis added).

This is the very limited portion of the scheduling order to which the defendants' object. *See* ECF No. 29. They argue that this section of the order "appears to be intended to prohibit NDOC from enforcing its Administrative Regulations (AR), specifically AR 568 and AR 639 which prohibit offenders from possessing certain information in their cell" and contend that they "lack the authority to override regulations of NDOC and would generally be required to submit discovery responses to the Warden's Office of Boyd's current institution which would allow Boyd to submit a kite to review the documentation." *Id.* at 2. But there is nothing in the order that would direct or require the defendants to violate either AR. Both ARs exist to ensure that an inmate's private information is protected and for the safety of the inmate, while also providing an avenue for accessing sometimes necessary information and documents for legal claims. Indeed, AR 568[1] sets forth the policy and procedures for inmates to review their records, while AR 639[2] ensures transparency and access to medical, dental, and mental health records.

---

[1] *See* Nev. Dep't of Corr. Admin. Regul. 568, https://doc.nv.gov/uploadedFiles/docnvgov/content/About/Administrative_Regulations/AR%20568%20-%20Offender%20Review%20of%20Departmental%20Records%20-%20Final%2008.30.22.pdf (last accessed July 16, 2025).

[2] *See* Nev. Dep't of Corr. Admin. Regul., 639,https://doc.nv.gov/uploadedFiles/docnvgov/content/About/Administrative_Regulations/AR%20639

Both ARs are crucial for the protection of private information, but also for the discovery process in legal proceedings involving inmates. The objected-to portion of the scheduling order merely requires that Boyd not have to submit kites to *serve discovery*. It does not order, direct, or require that his institution permit him to keep copies of his records in his cell, nor require him to circumvent AR 568, AR 639, or any other applicable AR to access his files for purposes of discovery. Rather, it is limited to service of discovery.

The court recognizes the defendants' concern. The court, however, interprets the objected-to section of the order as an attempt to ensure discovery disputes are litigated *in court* and not stymied by, for example, requiring Boyd to file some multi-level grievance procedure to view/access records he needs to review/access for purposes of this litigation. Ultimately, the defendants' concern does not demonstrate that the limited section of the scheduling order to which they object is clearly erroneous or is contrary to law. Accordingly, the defendants' objection is overruled. To the extent the defendants are unable to comply with the order, they must file an appropriate motion to address their issue(s) before Judge Couvillier.

III.    Conclusion

IT IS HEREBY ORDERED that defendants' limited objection to Judge Couvillier's Scheduling Order **[ECF No. 29] is OVERRULED.**

IT IS FURTHER ORDERED that the Scheduling Order **[ECF No. 27] is AFFIRMED and ADOPTED in its entirety,** so the defendants must comply with all requirements set forth therein.

Dated: July 17, 2025

_____
Cristina D. Silva
United States District Judge

---

%20-%20Medical%20Records%20Final%207-27-21%20(signed%207-27-21).pdf (last accessed July 16, 2025).

3