AARON D. FORD
Attorney General
JOHN REGALIA (Bar No. 16969)
Deputy Attorney General
JEFFREY D. WHIPPLE (Bar No. 16346)
Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-3788 (phone)
(702) 486-3768 (fax)
Email: jregalia@ag.nv.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEAIR BOYD<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NURSE HENRY, et al.<br><br>　　　　　Defendants. | Case No. 2:23-cv-01022-CDS-MDC<br><br>**STIPULATION AND PROPOSED ORDER TO EXTEND DISPOSITIVE MOTION DEADLINE (FIRST REQUEST)** |

　　　　Plaintiff, Keair Boyd (Boyd), *pro se*, and Defendants Tanisha Henry and James Scally, by and through counsel, Aaron D. Ford, Nevada Attorney General, and John Regalia, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, (collectively "The Parties") hereby respectfully submit the following Stipulation and Proposed Order to Extend the Dispositive Motion Deadline.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.　INTRODUCTION**

　　　　This is an offender civil rights matter filed pursuant to 42 U.S.C. § 1983. Plaintiff Boyd is an offender in the custody of the Nevada Department of Corrections (NDOC) and is currently housed at High Desert State Prison (HDSP).

　　　　The Parties participated in a telephonic meet-and-confer on September 09, 2025, and have agreed that good cause exists to extend the dispositive motion deadline by 45 days in

this matter. The parties hereby submit this stipulation and proposed order outlining the proposed new deadlines for this case, should this Court grant the requested extension of time.

## II. LEGAL ARGUMENT

A stipulation is an agreement between the parties as to a fact of the case, and, as such, it is evidence introduced by both of the parties. *U.S. v. Hawkins*, 215 F.3d 858, 860 (8th Cir. 2000). Stipulations relating to proceedings before the court... must be in writing and signed by all parties who have appeared or their attorneys. LR 7-1(a). No stipulation relating to proceedings before the court ... are effective until approved by the court. LR 7-1(b).

The Nevada Federal Court's Local Rules of Practice require a showing of good cause to extend any date set by discovery plan, scheduling order, or other order. *Edwards v. Juan Martinez, Inc.*, No. 2:20-cv-00570-JAD-EJY, 2021 WL 12295883, at *2 (D. Nev. Apr. 26, 2021) (citing LR 26-3).

Any motion or stipulation to extend discovery deadline *must* include: (a) A statement specifying the discovery completed; (b) A specific description of the discovery that remains to be completed; (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) A proposed schedule for completing all remaining discovery. *Id.* (emphasis in original).

"As the Ninth Circuit stated in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), good cause for the modification of a scheduling order under Rule 16(b) of the Federal Rules of Civil Procedure primarily considers the diligence of the party seeking the amendment." *Kurian v. SNAPS Holding Company*, No. 2:19-cv-01757-GMN-EJY, 2024 WL 4169338, at *2 (D. Nev. Sept. 12, 2024) (quoting *Carillo v. Las Vegas Metropolitan Police Department*, Case No. 2:10-cv-02122-JAD-GWF, 2013 WL 4432395, at *2 (D. Nev. Aug. 14, 2013)). "In the absence of diligence, the inquiry into modification of a scheduling order should end." *Kurian*, 2024 WL 4169338, at *2 (citing *Johnson*, 975 F.2d at 609).

1   "Good cause means the movant could not meet the scheduling deadlines despite the
2   party's diligence." *Pelletier v. Rodriguez*, No. 3:17-cv-00642-MMD-EJY, 2021 WL 215489,
3   at *3 (D. Nev. Jan. 21, 2021) (citing *Johnson*, 975 F.2d at 609).

4   "[C]arelessness is not compatible with a finding of diligence and offers no reason for
5   a grant of relief. ... Although the existence or degree of prejudice to the party opposing the
6   modification might supply additional reasons to deny a motion, the focus of the inquiry is
7   upon the moving party's reasons for seeking modification. ... If that party was not diligent,
8   the inquiry should end." *Pelletier*, 2021 WL 215489, at *3 (citing *Johnson*, 975 F.2d at 609)
9   (internal citations omitted).

10  **III.    ANALYSIS**

11  There is currently an ongoing statewide outage, which blocks the Attorney General's
12  Office's VPN access. Therefore, Counsel for Defendant is unable to access case files and
13  documents. Defendants' counsel has been unable to consistently work on any cases or
14  obligations, including this one. The Court has been informed by General Counsel of the
15  issue. For this reason, the parties have agreed to move for an extension of 45 days.
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

IV.     **Proposed Schedule for Dispositive Motions**

The parties jointly propose the following scheduling order which allows an extension until October 26, 2025, to file dispositive motions.

| Dispositive Motion Deadline | September 11, 2025 | October 26, 2025 |
|---|---|---|

DATED this 10th day of September, 2025.   DATED this 10thy day of September, 2025.

AARON D. FORD
Attorney General

By: /s/
Keair Boyd
Plaintiff, *pro se*

By: */s/ John Regalia*
John Regalia (Bar No. 16969)
Deputy Attorney General
*Attorneys for Defendants*

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATE: September 15, 2025